UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM PIERCE PLUMMER, | ) | 1:07-CV-00467 OWW SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | [Doc. #1] |
| W. J. SULLIVAN, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

    On March 26, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. Petitioner raises four discernable grounds for relief: 1) Petitioner claims the assessment of 360 days loss of good time credits as a result of a guilty finding in a prison disciplinary hearing is unconstitutional; 2) He claims prison authorities have wrongfully calculated his release date in violation of Cal. Penal Code § 2933.1(a)-(c); 3) He claims he was denied his right to a speedy trial and adversarial testing process at the trial for his underlying conviction; and 4) He claims he will lose $175,000 of taxable income as a result of the good time credits he has lost.

# DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Venue

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In Ground Three of the petition, Petitioner challenges a 1999 conviction out of Los Angeles County which is in the Central District of California.  Therefore, the claim should have been raised in a petition filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). However, the Court notes that Petitioner has had two habeas petitions transferred to the Central District already. See Case Nos. 02-2087 FCD JFM P, 04-2489 WBS DAD HC. To the extent that Petitioner wishes to further challenge his underlying conviction, he should seek relief through his petitions before the Central District, or file a new petition in the Central District. The Court will not transfer the petition to the Central District because the majority of the petition centers on Petitioner's challenge to the

guilty finding in the prison disciplinary hearing.

C.  Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute.  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a federal claim. Although Petitioner claims a violation of the Constitution, he only challenges the prison authorities' application of state statute in the computation of his sentence. His claims are entirely state law claims, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989) ("the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law.).

1  In addition, his claims are frivolous and do not rise to the level of a constitutional violation.
2  Petitioner claims he was inappropriately sentenced to a 360 day loss of time credits for the guilty
3  finding of possession of an inmate-manufactured deadly weapon. He claims he should only have
4  been assessed a maximum of 180 days loss of credits. This claim is meritless. He does not dispute
5  the guilty finding of possession or manufacture of a deadly weapon. Pursuant to California Code of
6  Regulations § 3323(b)(8), he is subject to a maximum penalty of 360 days. Therefore, the 360 loss of
7  good time credits comports with state law.

8  Petitioner also contends the total amount of lost good time credits is more than the total
9  amount he could earn under Cal. Penal Code § 2933.1. Under § 2933.1(a), Petitioner may not earn
10 more than 15% of his total sentence in good time credits. Here, Petitioner was sentenced to 12 years
11 in state prison. See Attachments to Petition. After deducting for post-sentence credits and vested
12 credits, Petitioner's sentence amounted to a total of 4,122 days. Accordingly, the most good time
13 credit he can earn is 618 days (15% of 4,122 days). As a result of his several disciplinary
14 proceedings, however, Petitioner has amassed a total of 1293 days of lost credit. Petitioner argues his
15 sentence is being extended as a result, because he is losing more credit than he could possibly earn.
16 This is irrelevant. According to the prison's calculation worksheet, Petitioner's sentence remains at
17 the maximum date of release, which is March 14, 2011. This is the date that was originally computed
18 based on the 12 year sentence. Because Petitioner has amassed more lost time than he could possibly
19 earn, prison authorities have simply removed good time credits from the computation and left his
20 release date at the maximum date of March 14, 2011. In other words, Petitioner will not earn any
21 credit against his sentence because he is not serving "good time." Thus, Petitioner's allegations of
22 racial prejudice by prison authorities and the state courts are completely baseless. His petition should
23 be rejected.

### RECOMMENDATION

25 Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
26 corpus be DISMISSED with prejudice.

27 This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United
28 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

1  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
2  California.
3       Within thirty (30) days after being served with a copy, any party may file written objections
4  with the court and serve a copy on all parties. Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
6  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
7  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
8  parties are advised that failure to file objections within the specified time may waive the right to
9  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  IT IS SO ORDERED.
12  **Dated:   April 26, 2007**            **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE